IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH N. BROYLES,<br><br>        Plaintiff,<br><br>v.<br><br>CANTOR FITZGERALD & CO., *et al.*,<br><br>        Defendants. | Civil Action No. 3:10-cv-00854-JJB-SCR<br><br>Consolidated with:<br>Civil Action No. 3:10-cv-00857-JJB-SCR |

THIS MOTION RELATES TO:

| | |
|---|---|
| JOSEPH N. BROYLES, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>CANTOR FITZGERALD & CO., *et al.*,<br><br>        Defendants. | Civil Action No. 3:10-cv-00857-JJB-SCR |

**CANTOR FITZGERALD & CO.'S
MOTION FOR LEAVE TO SUPPLEMENT NOTICE OF REMOVAL**

Defendant Cantor Fitzgerald & Co. ("Cantor"), through undersigned counsel, respectfully moves, pursuant to 28 U.S.C. § 1653 and Local Rule 7.3.1, for leave to supplement the Notice of Removal (Dkt. No.1) in the above-captioned matter. The proposed supplemental language to paragraph 46 of the Notice of Removal clarifies the citizenship of various parties and confirms that there is minimal diversity in this case. The proposed supplement is attached to this Motion as Exhibit 1. In addition to supplemental language, the proposed supplement contains additional exhibits to the Notice of Removal, which are appended hereto as Exhibits A-H to Exhibit 1.[1] A

---

[1] Exhibits A-H are in addition to the previously-filed exhibits to the Notice of Removal (Exhibits 1-7). They supplement, but do not change, any of the existing exhibits to the Notice of Removal.

proposed Order granting the Motion for leave to Supplement and a Certificate of Counsel pursuant to Local Rule 7.3.1 are attached hereto.

## ARGUMENT

Cantor respectfully moves to supplement the Notice of Removal to clarify the citizenship of the parties and confirm that there is minimal diversity in this case. Defendants have removed this case pursuant to the Securities Litigation Uniform Standards Act ("SLUSA") or, in the alternative, pursuant to the Class Action Fairness Act ("CAFA"). *See* Notice of Removal, No. 3:10-cv-00857-JJB-SCR, Dkt. No. 1 (Dec. 22, 2010). Although the citizenship of the parties is irrelevant to removal under SLUSA, minimal diversity is required to effect removal under CAFA.

Cantor alleged in the Notice of Removal that minimal diversity exists and it is evident from the Complaint, which was appended to the Notice of Removal, that minimal diversity exists in this case. Under 28 U.S.C. § 1653, the Court has "the authority and discretion to allow parties to cure defective allegations of jurisdiction." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished). Section 1653 "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Id.* (collecting cases); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-88 (5th Cir. 2000) ("We have repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds"; amendment is proper under § 1653 to allege facts to "show[] that diversity jurisdiction exists"); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979) (§ 1653 authorizes amended notice of removal to cure failure to specifically allege citizenship of parties); *Corporate Mgmt Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009) (collecting cases).

In particular, Section 1653 allows a party to cure "technical defects or failure to specifically allege the citizenship of a party" so long as the amendment "would not create jurisdiction where it did not previously exist." *Whitmire*, 212 F.3d at 887-88. The Fifth Circuit has held that Section 1653 permits removing defendants to amend a notice of removal to cure the omission of specific citizenship allegations. *See D.J. McDuffie, Inc.*, 608 F.2d at 146-47; *see also Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961). Where, as here, minimal diversity exists, a defect in allegations relating to the citizenship of the parties is a technical defect that may be cured by amendment pursuant to Section 1653. *See id.* (conclusory allegation that diversity of citizenship existed was "sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment"). District Courts in this Circuit routinely permit defendants to amend notices of removal to specifically allege the citizenship of the parties. *See, e.g.*, *Williams v. Winn-Dixie Montgomery, LLC*, No. 10-837-RET-SRC, 2010 U.S. Dist. LEXIS 133884, at *2-3 (M.D. La. Dec. 17, 2010); *Earl v. Myers*, No. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010); *Aburto v. Midland Credit Mgmt., Inc.*, No. 3:08-CV-1473-K, 2009 WL 2252518 (N.D. Tex. July 27, 2009); *Booty v. Shoney's Inc.*, 872 F. Supp. 1524, 1529 (E.D. La. 1995); *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 230 (M.D. La. 1989).

The proposed supplement to the Notice of Removal clarifies that minimal diversity exists in this case. Minimal diversity exists under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, the proposed supplemental language confirms that minimal diversity exists because the putative plaintiff class defined in the Complaint includes Louisiana citizens and at least one defendant is a citizen of a state other than Louisiana (New York). In addition, the proposed supplemental

3

language confirms that minimal diversity exists because the putative class includes citizens of states other than Louisiana and at least one defendant is a Louisiana citizen. Finally, the proposed supplement confirms that at least one limited partner of Cantor Fitzgerald, L.P., which through intermediate limited partnerships controls Cantor Fitzgerald & Co., is a citizen of New York.[2]

Cantor's proposed supplement to the Notice of Removal merely clarifies the citizenship of various parties and confirms that minimal diversity exists in this case. It does not seek to create jurisdiction where none previously existed. Accordingly, Cantor respectfully requests that the Court grant its motion to supplement the Notice of Removal.

## **CONCLUSION**

For the foregoing reasons, Cantor respectfully requests that the Motion for Leave to Supplement be granted. A proposed order is attached hereto.

---

[2] Although the Court need not reach the issue because minimal diversity is present for other reasons, Cantor's New York citizenship may be sufficient for minimal diversity. In *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), the Supreme Court observed in *dicta* that minimal diversity might be satisfied in any situation where one of the parties has multiple citizenship:

> It is possible, though far from clear, that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties. Although the Court has previously said that minimal diversity requires two adverse parties who are not co-citizens, the Court did not have before it a multiple-citizenship situation.

*Id.* at 577 n.6 (quotation & brackets omitted); *see also Fuller v. Home Depot Servs., LLC*, No. 1:07-CV-1268-RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug, 14, 2007) (minimal diversity existed where defendant was incorporated in Delaware and had principal place of business in Georgia and members of plaintiff class were all citizens of Georgia); *but see Smalls v. Advance Am.*, No. 2:07-3240-TLW-TER, 2008 WL 4177297, at *5-6 (D.S.C. Sept. 5, 2008); *Sundy v. Env. Solutions, LLC*, No. 07-5069-CV-SW-ODS, 2007 WL 2994348, at *3 (W.D. Mo. Oct. 10, 2007).

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: <u>  /s/ Jane A. Robert                    </u>
      Michael D. Hunt, Bar No. 7061
      Jane A. Robert, Bar No. 19123
      II City Plaza
      400 Convention Street • Suite 1100
      Baton Rouge, Louisiana 70802-5618
      P.O. Box 4412
      Baton Rouge, Louisiana 70821-4412
      Telephone: (225) 346-0285
      Telecopier: (225) 381-9197
      Email: huntm@phelps.com
             robertj@phelps.com

**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas (admitted *pro hac vice*)
R. Hackney Wiegmann (admitted *pro hac vice*)
Marcie R. Ziegler (admitted *pro hac vice*)
James H. Weingarten (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: hwiegmann@wc.com
       mziegler@wc.com

*Attorneys for Cantor Fitzgerald & Co.*

Dated: February 14, 2011

## **CERTIFICATE PURSUANT TO LR 7.3.1**

I hereby certify that, pursuant to Local Rule 7.3.1, counsel for Cantor attempted to obtain consent for the filing and granting of this motion from counsel for Plaintiff s.  Counsel for Plaintiffs informed counsel for Cantor that Plaintiffs do not consent to the filing and granting of this motion.

      /s/ Jane A. Robert
      Jane A. Robert, Bar No. 19123

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOSEPH N. BROYLES,<br><br>   Plaintiff,<br><br>v.<br><br>CANTOR FITZGERALD & CO., *et al.*,<br><br>   Defendants. | Civil Action No. 3:10-cv-00854-JJB-SCR<br><br>Consolidated with:<br>Civil Action No. 3:10-cv-00857-JJB-SCR |

THIS MOTION RELATES TO:

| | |
|---|---|
| JOSEPH N. BROYLES, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>CANTOR FITZGERALD & CO., *et al.*,<br><br>   Defendants. | Civil Action No. 3:10-cv-00857-JJB-SCR |

### [PROPOSED] ORDER

Considering the foregoing Cantor Fitzgerald & Co.'s Motion for Leave to Supplement the Notice of Removal (the "Motion to Supplement");

IT IS ORDERED, ADJUDGED, AND DECREED that the Motion for Leave to Supplement is GRANTED and that the language and exhibits specified in the Proposed Supplement attached as Ex. 1 to the Motion to Supplement are hereby deemed to be included in the Notice of Removal in this case.

Baton Rouge, Louisiana, this _____ day of _____, 2011.

                     _____
                     UNITED STATES DISTRICT COURT JUDGE,
                     MIDDLE DISTRICT OF LOUISIANA

# **CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing and the exhibits thereto were filed on this 14th day of February 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

        /s/ Jane A. Robert
        Jane A. Robert, Bar No. 19123