UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSEPH N. BROYLES**                    **CIV. ACTION NO. 3:10-857 JJB-CBW**

**V.**

**CANTOR FITZGERALD & CO, ET AL.**

## THIRD REPORT OF SPECIAL MASTER

The Defendants, Stone and Young and Anthony Guaimano (the "S&Y Parties"), have filed a "Motion to Strike Youngblood's New Expert Opinions" [Record Document 113] and a "Motion to Strike Plaintiffs Consolidated Response on Youngblood" [Record Document 117].[1] Both motions are opposed. These motions were referred for Report and Recommendation to the undersigned by Judge Brady. [Record Document 144]. The motions were argued on July 12, 2017 and taken under advisement. [Record Document 146]. All parties were present and represented at the argument.

For those reasons set out below, it is Recommended that both motions be **granted**.

---

[1] Record Document 117 seeks to strike as untimely "new arguments and expert opinions set forth in Plaintiffs' 300-plus page consolidated response … (Doc.116)". [Record Document 117, p.1]. At the argument on the Motion, the argument was limited to the 18 page unsworn declaration of Dr. Michael D. Youngblood and the almost 300 pages of attachments thereto. [Record Document 116-1]. Accordingly, this Report and Recommendation is limited to that which was the subject of the argument and the "new submission" referred to in the written Motion. [Record Document 117, p.1]. Of course, any argument of counsel based solely on the attached Youngblood declaration will be disregarded if the Motion is granted.

Both of these motions seek to strike the unsworn declarations of Dr. Michael D. Youngblood, Ph.D, ("Dr. Youngblood"), made pursuant to 28 USC 1746. One of the unsworn declarations [Record Document 103-6] was attached to a "SUPPLEMENTAL MEMORANDUM Regarding Motions Referred to Special Master" [Record Document 103]; the other unsworn declaration [Record Document 116-1] was attached to CA Funds' "Consolidated Response to Supplemental Memoranda to Special Master regarding Dr. Michael Youngblood" [Record Document 116]. Each of the declarations seek to (1) explain in further detail the expert reports submitted by Dr. Youngblood, (2) defend his positions as stated in his report and/or in his deposition or (3) further support his opinions as set out in his report and/or his deposition.

Primarily, the S&Y Parties argue that both of the declarations are untimely expert reports and were submitted in violation of the Order of the undersigned and in violation of Orders entered by Judge Brady. Additionally, the S&Y Parties argue that in these declarations Dr. Youngblood went beyond merely explaining or defending his opinions but actually added new opinions, or new support for the opinions previously given, in violation of the Scheduling Order in effect in this case.

**A. Order of March 31, 2017**

On March 31, 2017, pursuant to Order, I met with all counsel to discuss the current status of those motions which had been referred to me by Judge Brady, as well as certain housekeeping matters. In that status conference, which was not held on the record, I

informed counsel that since these motions had been pending, at that time, for almost a year that I believed it to be at least possible that there might have been some intervening events which had occurred which might need to be considered in deciding the referred motions. In that regard, I gave the parties until April 10, 2017 to supplement the pending motions, memoranda and/or attachments thereto as a result of any event which might have occurred after the filing of their motions and/or memoranda.

After the status conference was over, I entered a Minute Entry memorializing what had occurred during the status conference. That Minute Entry read, in pertinent part, as follows:

> The undersigned noted that these motions had been pending for almost a year, and that the undersigned believed that it was quite possible that some of the memoranda and/or attachments might need to be updated as a result of events occurring after the filing of the motions. Accordingly, **IT IS ORDERED** that the parties may supplement their Motions, Memoranda and/or attachments thereto as a result [sic] events which have occurred after the filing of their Motions and/or Memoranda, by April 10, 2017. [Record Document 94, p.3].

In making that statement to counsel, and in entering the Minute Entry, it was my intent to allow supplementation of prior pleadings if any events had occurred after the pleadings had been filed which could have an effect on the Recommendations issued by the undersigned on those motions which had been referred. It was **not** my intention to allow simply supplemental briefing based on additional work done by counsel or by counsel's experts. In re-reading the Minute Entry, I believe that my intent was clear from the wording of the Minute Entry.

The declarations made by Dr. Youngblood, which the S&Y Parties seek to strike, clearly did not come within the authorization granted by the undersigned. There were no new "events" which occurred; the only "event" was the preparation of the declarations by Dr. Youngblood. The fact that these declarations were apparently prepared in response to *Daubert* motions which were filed by the defendants, or were prepared to rebut arguments made by the defendants' experts which criticized Dr. Youngblood's opinions, reasoning or methodology does not make it a new "event".[2]

Since Dr. Youngblood's declarations were not a new "event", and were not caused by a new "event", the filing of the declarations was unauthorized by the undersigned and should be stricken.

Accordingly, the undersigned recommends that the motions to strike be **granted**.

**B. Orders of Judge Brady**

Several Orders were previously entered which are pertinent here. First, on February 25, 2015, Judge Riedlinger entered a Scheduling Order which required the plaintiffs to submit their expert reports by February 12, 2016 and required the defendants to submit their expert reports by March 11, 2016. [Record Document 322]. On March 16, 2016, Judge Whitehurst extended the deadlines for discovery of expert witnesses and for the filing of *Daubert* motions and motions *in limine*. [Record Document 458].

---

[2] Similarly, the *Daubert* motions filed by the defendants and their expert's reports are not new events; they were then pending.

Timely expert reports were submitted. Additionally, supplemental and rebuttal expert reports were also filed. In response to motions filed by the parties to strike, Judge Brady ruled, on August 11, 2016, that the supplemental and rebuttal expert reports which were filed after the expiration of the deadline for filing expert reports were untimely under the Scheduling Order and these reports were therefore ordered stricken. [Record Document 817].

Thereafter, Judge Brady denied leave to file several additional pleadings and noted that the Court "will not entertain any more motions for leave related to the pending motions on its docket in this matter." [Record Document 895].

Counsel for the S&Y Parties argues that the clear import of Judge Brady's Orders [Record Documents 817 and 895] is to the effect that Judge Brady had no intention of allowing additional submissions, however denominated, relating to the pending *Daubert* motions. Clearly, the declarations of Dr. Youngblood, which are the subject of the pending motions to strike, "relate" to the pending *Daubert* motions, and therefore counsel argues that these submissions are in violation Judge Brady's Orders and should be stricken.

The undersigned agrees.

Counsel for the S&Y Parties argues that he did not feel free to file declarations similar to those of Dr. Youngblood's because he read Judge Brady's Orders to prohibit

such filings, in essence believing that Judge Brady had decided he had enough to read in order to decide pending motions. The undersigned reads these Orders the same way.[3]

My reading of Judge Brady's Orders, cited above, in the context of the motion practice in this case, makes it clear to me that Judge Brady has read the Scheduling Order in effect in this case narrowly (as other Courts have narrowly read their Scheduling Orders) and intends to limit expert reports to those which were filed by the motion report deadline. The undersigned simply cannot read Judge Brady's Orders any other way.

Accordingly, for this additional reason, the undersigned recommends that the motions to strike be **granted**.

**C. Are Dr. Youngblood's additional declarations new reports?**

If the Court disagrees with my conclusion that the declarations of Dr. Youngblood, which were filed as attachments to the responses of CA Funds, violate my Order of March 31 or the Court's Orders as set out above, then additional analysis is required.

Several courts have allowed the filing of rebuttal expert reports, or supplemental expert reports, to defend the experts' opinions from *Daubert* attacks by opposing counsel or countervailing experts. See *Caesar Petrochemicals, Inc., v. Dongbu Hannong Chemical Company Limited,* 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (… [T]o the extent that an expert affidavit is within the scope of the initial expert report, it is properly submitted in

---

[3] Apparently counsel for CA Funds read Judge Brady's Orders the same way since counsel did not file the new declarations of Dr. Youngblood until after the status conference with the undersigned in which I allowed supplementations based on new events.

conjunction with dispositive motions even outside the time frame for expert discovery.) (citations omitted); *Faulkner v. Arista Records, LLC*, 46 F. Supp. 3d 365, 378 (S.D.N.Y. 2014) (relying on *Caesar Petrochemicals*).[4]

Although courts have allowed the filing of expert affidavits or declarations after the expert report deadlines, these courts have limited the filings to those affidavits or declarations which are fairly within the scope of the initial expert report. *Advanced Analytics,* at 36. Accordingly, reasonable elaborations of opinions disclosed in the original expert report is permissible.[5] On the other hand, an expert affidavit submitted to rebut a dispositive motion may be excluded if it differs from an earlier Rule 26 report[6] or offers entirely new opinions.[7]

Judge Noland of this Court summarized the pertinent law relating to the filing of supplemental expert reports and affidavits submitted in opposition to dispositive motions as follows:

> Courts have similarly made it clear that supplemental expert reports cannot be used to "fix" problems in initial reports. *See, Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 258 (5th Cir.1997)(affirming a district court's refusal to allow late supplementation of expert reports and holding: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case"); *Cleave,* [*v. Renal Care Grp., Inc. 2005 WL 1629750*] at *1 ("A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinion is different from the earlier Rule 26 report"); *Beller v. U.S.,* 221 F.R.D. 689, 691-95 (D.N.M.2003)(supplemental

---

[4] Neither counsel for the parties nor the undersigned have been able to locate Fifth Circuit precedent specifically on point.
[5] *Gay v. Stonebridge Life Insurance Company*, 660 F.3d 58, 64 (1st Cir. 2011).
[6] *Bromley v. Pfizer, Inc.,* 200 F.R.D. 596, 603 (S.D. Tex. 2001).
[7] *Buxton v. Lil' Drugstore Products Inc.,* 2007 WL 2254492,*7 (S.D. Miss. 2007).

reports cannot be used to buttress opinions or "shore up problems" in opinions contained in initial reports); *Brumley v. Pfizer, Inc.,* 200 F.R.D. 596, 603 (S.D.Tex.2001)("A subsequent expert affidavit submitted to rebut a summary judgment motion may be excluded if it differs from an earlier Rule 26 report"); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.,* 1999 WL 135297, at *4 (E.D.La.1999)(Expert report discussing issues not included in initial report cannot be considered "supplementary")[8]

Each of the Youngblood Declarations need to be addressed separately, based on the law set out above. If the Declaration can fairly be said to be within the scope of the initial expert report it should be allowed, even if the declaration "… will supplement, elaborate upon [or] explain" the prior report. *Thompson v. Doane Pet Care Co*., 470 F.3d 1201, 1203 (6th Cir. 2006), relied upon in *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.,* 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013). See also *Gay, supra*. at 64 (reasonable elaboration of the opinion disclosed in the report is permissible under Rule 26). On the other hand, new opinions or a wholly new and complex approach designed to fill a significant and logical gap in the first report is not permissible. *Cedar Petrochemicals*, *supra.* at 279.

**1. Youngblood Declaration of April 10, 2017 [Record Document 103-6]**

Counsel for the S&Y Parties acknowledged at oral argument that his complaint was really limited to paragraph five of this declaration. Counsel argued that the contents of paragraph five, which basically relate to lifetime conditional default rates ("CDRs"), are

---

[8] *Lampe Berger USA, Inc. v. Scentier, Inc.,* No. CIV.A. 04-354-C-M2, 2008 WL 3386716, at *2, n.3 (M.D. La. Aug. 8, 2008).

new and should therefore be stricken. Counsel for CA Funds argues, to the contrary, that the information contained in paragraph five of the declaration are simply subsidiary details which elaborate on the way that Dr. Youngblood determined the values that he had previously expressed both in his report and in his deposition.

I agree with counsel for CA Funds.

In Dr. Youngblood's deposition of April 19, 2016 [Docket Number 10-854, Record Document 666-3], Dr. Youngblood was specifically asked about the way in which he had calculated the CDRs for subprime mortgage backed securities originated in 2006. Dr. Youngblood testified that there were a number of CUSIPs which he did not memorize and did not have at hand in the deposition. The information in paragraph five appears to be simply his explanation of the way he reached the CDRs after reviewing the specific CUSIPs referred to in his deposition. It appears clear to me that this is not a new opinion and is simply his explanation, after review of documents which were dealt with in detail in the deposition and/or in the written discovery obtained from Dr. Youngblood, of how he reached his calculation. [See page 222, *et seq.,* specifically page 229 *et seq*.].

Neither Dr. Youngblood, nor anyone else, can be expected to have memorized the entirety of the supporting data necessary to make the complex calculations referred to in his report and his deposition. This type of explanation would clearly be allowed at trial and is specifically the kind of information which can be used in a declaration in opposition to the defendants' *Daubert* motions.

Accordingly, I would allow the declaration of Dr. Youngblood dated April 10, 2017 to be considered, and would deny the defendants' motion to strike.

**2. Youngblood Declaration of April 28, 2016 [Record Document 116-1]**

Dr. Youngblood's declaration of April 28, 2016, is 18 pages long and consists of 38 numbered paragraphs. The analysis of this declaration is, at least in part, substantially different than the analysis set out above regarding the April 10, 2016 declaration of Dr. Youngblood.

My analysis begins with an examination of 28 USC 1746, the statute under which the declaration was made. That statute provides, in pertinent part, as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted *to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same* … such matter may, with like force and effect, be supported, evidenced, established, or proved *by the unsworn declaration*, certificate, verification, or statement, in writing of such person which is subscribed by him, *as true under penalty of perjury*, and dated, in substantially the following form … (emphasis added)

Obviously, this provision of law allows declarations made under penalty of perjury to be considered the same as if they were made under oath. Only *matters of fact* within the personal knowledge of the declarant can be made under oath; mere arguments of a declarant (as opposed to facts) designed to rebut an opposing expert's attack on his opinions, are not subject to being made under oath and are therefore inadmissible if contained in a declaration in the same way that they would be inadmissible if made under oath.

Many of the paragraphs in the April 28 declaration contain, in whole or in part, argument of Dr. Youngblood. These arguments, whether compelling or not, are not subject to being made under penalty of perjury because they are not *facts* within the personal knowledge of the declarant. Rather, they are the *argument* of the declarant. As such, they should be stricken from the declaration.

Additionally, some of the paragraphs contain facts or support for the opinions given by Dr. Youngblood in his report and/or his deposition which apparently do not appear in either Dr. Youngblood's report or deposition. As such, these facts or support which were available to Dr. Youngblood but not utilized by him in making or supporting his opinions should also be stricken. Of course, facts or support for his opinions which are simply restated, or are within the scope of his report or the explanation given in his deposition, are permissible.

Attached hereto as Attachment A is a copy of Dr. Youngblood's April 28, 2017 declaration. That copy shows those portions of the declaration which I recommend be stricken either as being argumentative and therefore not within the scope of 28 USC 1746, or as new items or support for opinions which were not disclosed in Dr. Youngblood's report or deposition, and which are not within the scope of the opinions in his report.[9][10]

---

[9] Dr. Youngblood's report is 110 pages long; his deposition is reported in 340 pages. I have read both the report and the deposition; I have read parts of both multiple times. Nevertheless, it is possible that I have overlooked some item. Should the Court rule that the April 28 declaration should not be stricken as in violation of either my or the Court's prior orders, I will give the parties *a very short* period of time to ask me to reconsider my ruling as to the individual paragraphs in the April 28 declaration.

[10] Obviously, nothing herein is intended to express any opinion as to the admissibility at trial of any testimony of any expert witness.

**D. Conclusion**

For those reasons set out above, I **RECOMMEND** that the "Motion to Strike Youngblood's New Expert Opinions" [Record Document 113] and the "Motion to Strike Plaintiffs Consolidated Response on Youngblood" [Record Document 117] be **granted** and that the declarations of Dr. Youngblood be **stricken**.

In the event that the Court disagrees with my recommendation and finds that the declarations were not filed in violation of my Order and the Court's Orders then I **RECOMMEND** that the motions be **granted in part and denied in part** as shown on Attachment A, for those reasons set out in Part C above.

**Any party wishing to object to this Recommendation shall file its objections no later than 7 days from service of this Recommendation.**

Baton Rouge, Louisiana, July 23, 2017.

                                                          C. MICHAEL HILL
                                                          SPECIAL MASTER