# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**JOSEPH N. BROYLES**                              **CIV. ACTION NO. 3:10-857**
                                                                                     **JJB-CBW**

**V.**

**CANTOR FITZGERALD & CO, ET AL.**

## FOURTH REPORT OF SPECIAL MASTER

The Defendants, Stone and Young, LLC, Stifel Financial Corp., Stifel, Nicolaus & Co., Inc., and Anthony Guaimano (collectively here the "S&Y Parties"), have filed a motion styled "**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AS TO ONE WITNESS' OPINION OF ANOTHER WITNESS' TESTIMONY**". [Record Document 588; Docket No. 10-854]. The motion is opposed by CA Funds ("plaintiffs"). [Record Document 672; Docket No. 10-854]. The motion was referred for Report and Recommendation to the undersigned by Judge Brady. [Record Document 144; Docket No. 10-857]. The undersigned finds that oral argument is not necessary for the Recommendation.

For those reasons set out below, it is Recommended that the motion be **granted**.

From 2009 to 2011, two former S&Y employees, Jack Turner and Michael Jennings participated in a series of interviews and depositions with the Securities and Exchange Commission ("SEC"). The depositions apparently occurred in 2010 and 2011.

The questioning by the SEC was directed at determining the identity of the employee who priced the trades in question at S&Y. In response to very pointed questioning by the SEC in his deposition, Jennings testified that Turner had lied to the SEC about who had priced the trades at S&Y. [Record document 588-1, page 4].

Subsequently, both Jennings and Turner were deposed in this case by the plaintiffs. Quite understandably, the plaintiffs used the prior SEC testimony to force Jennings and Turner to testify consistently with their prior SEC testimony (which was under oath) that the other employee had "lied" or provided "false information" to the SEC. [Record document 588-1, page 5 and attachments].[1]

The S&Y Parties now move this Court, *in limine*, to exclude any testimony or evidence at trial, in front of the jury, as to one witness' opinion of the veracity of another witness' testimony, and to further prohibit any such questions being asked of any witness. [Record document 588]. In other words, the S&Y Parties seek to prohibit the plaintiffs' from asking Turner whether or not Jennings lied to the SEC, and vice versa. The S&Y Parties argue that asking one witness to opine on the truthfulness of another witness is inadmissible under Fed. R. Evid. 602, 701, 608 and 403. [Record document 588, page 3].

On the other hand, the plaintiffs argue that the S&Y Parties rely on opinions in criminal cases to support this motion brought in a civil case, that this reliance is misplaced in a civil case and that courts have recognized that no categorical ban on

---

[1] Thus Jennings testified that Turner had lied and Turner testified that Jennings had lied.

"were-they-lying" questions exists, the propriety of such questions depending on the context in which the question is asked. [Record document 672, page 3]. The S&Y Parties have much the better of the argument.

A plain reading of the Federal Rules of Evidence and the vastly overwhelming weight of judicial authority supports the position of the S&Y Parties. The only Fifth Circuit case cited by the S&Y Parties, and the only case found by the undersigned, is *United States v. Williams*, 343 F.3rd 423 (5th Cir. 2003), which relied on *United States v. Thomas*, 246 F.3rd 438, 439 n.1 (5th Cir. 2001). In *Williams*, the Court found that the prosecutor engaged in "misconduct" by forcing the defendant, Williams, through a series of rhetorical questions, to call other witnesses liars.[2] The Court did not specifically cite which rule of law was violated by the prosecutor.

The S&Y Parties cite the Court to several other opinions, from other circuits, in support of its argument. My research located *United States v. Pereira*, 848 F.3d 17 (1st Cir. 2017), which succinctly sets out the Court's rationale and legal basis for holding such questions to be impermissible. The Court said as follows:

> Over the past twenty-five years, this court has consistently held that "counsel should not ask one witness to comment on the veracity of the testimony of another witness.... (citations and footnote omitted). Other cases, utilizing similar language, also make the same point. See, e.g., *United States v. Thiongo,* 344 F.3d 55, 61 (1st Cir. 2003) ("This Court has held it is improper for an attorney to ask a witness whether another witness lied on the stand. Underlying this rule is the concept that credibility judgments are for the jury, not witnesses, to make." (citation omitted)); *United States v. Akitoye*, 923 F.2d 221, 224 (1st Cir. 1991) ("[I]t is not the place of one witness to draw

---

[2] The Fifth Circuit affirmed the defendant's conviction, holding the error harmless.

> conclusions about, or cast aspersions upon, another witness' veracity. The 'was-the-witness-lying' question framed by the prosecutor ... should never [ ] be[ ] posed." (citations omitted)).
>
> This circuit is not alone in reaching this conclusion. "[M]ost of the federal courts of appeals that have examined the propriety of questions posed to a criminal defendant about the credibility of government witnesses have found that such questions are improper." *United States v. Schmitz,* 634 F.3d 1247, 1268 (11th Cir. 2011) (collecting cases). (footnote omitted) Such "were-they-lying questions invade the province of the jury." Id. at 1269; see also *United States v. Boyd*, 54 F.3d 868, 871 (D.C. Cir. 1995) *22 (holding that questions about whether another witness would "make up" testimony impermissibly infringes "on the jury's right to make credibility determinations"). These types of questions are also improper because Rule 608(a) of the Federal Rules of Evidence "does not permit a witness to testify that another witness was truthful or not on a specific occasion." (footnote omitted) *Schmitz*, 634 F.3d at 1268. Such questions also "ignore other possible explanations for inconsistent testimony ... [which] put the testifying defendant in a 'no-win' situation [of] ... either accus[ing] another witness of lying or undermin[ing] his or her own version of events." Id. at 1269. Finally, these "were-they-lying questions are argumentative, and often their primary purpose is to make the defendant appear accusatory." Id. The danger is that the prosecutor first forces the defendant to label government witnesses as liars who are making up stories, and then, after laying this groundwork, seeks to convince the jury that it is the accusatory defendant—and not the prosecution witnesses—who is unworthy of belief.
>
> In *United States v. DeSimone*, 699 F.3d 113 (1st Cir. 2012), this court clarified that although [i]t is improper for an attorney to ask a witness whether another witness lied on the stand[,] ... [i]t is not improper to ask one witness whether another was "wrong" or "mistaken," since such questions do not force a witness to choose between conceding the point or branding another witness as a liar. There is no error in simply asking a witness if he agreed with or disputed another witness's testimony. Id. at 127 (citations and quotation marks omitted); (footnote omitted) see also *United States v. Wallace*, 461 F.3d 15, 25 (1st Cir. 2006) (same); *Thiongo*, 344 F.3d at 61 (same).

At pp. 21–22.

Simply stated, the undersigned finds the reasoning of *Pereira* highly persuasive and believes that the opinion accurately states the law in this area.

Specifically, the undersigned recommends granting the motion because asking one witness to opine on the veracity of another witness' testimony violates Fed. R. Evid. 608(a)

and impermissibly intrudes on the exclusive province of the trier of fact to determine the credibility of witnesses. In this regard, the recommendation of the undersigned is further supported by McCormick[3] and by the Handbook for Federal Evidence.[4]

In opposition, the plaintiffs' sole authority cited is Judge Silver's opinion in *Southern Union Co. v. Southwest Gas Corp.,* 281 F. Supp. 2nd 1117 (D. Ari. 2003). In denying a motion for JNOV, Judge Silver distinguished his case from Ninth Circuit cases holding such questions to be improper by noting that his case was a civil rather than a criminal case and that the propriety of such a question may depend on the context. At page 1127.

With due respect to Judge Silver, the Federal Rules of Evidence do not differentiate between civil cases and criminal cases; the Rules apply to all "proceedings" in federal court. Fed. R. Evid. 101. I certainly agree that questions of evidentiary rulings often depend on the context in

---

[3] § 43.Character: Impeachment by Proof of Opinion or Bad Reputation, 1 *McCormick On Evid*. § 43 (7th ed.) which reads as follows:

… U.S. v. Schmitz, [sic] 634 F.3d 1247, 1268–70 (11th Cir. 2011); U.S. v. Harris, [sic] 471 F.3d 507 (3d Cir. 2006) (nearly all the federal circuits that have passed on this issue have found such questions improper); U.S. v. Freitag, [sic] 230 F.3d 1019, 1024 (7th Cir. 2000) ("it is improper to ask one witness to comment on the veracity of the testimony of another witness); U.S. v. Henke, [sic] 222 F.3d 633 (9th Cir. 2000); Athridge v. Iglesias, [sic] 167 F. Supp. 2d 389, 398 (D.D.C. 2001), judgment rev'd on other grounds, 312 F.3d 474, 60 Fed. R. Evid. Serv. 214 (D.C. Cir. 2002) ("Under … 608(a) one witness may testify as to the credibility of another witness only in the form of an opinion as to the latter's character for truth telling.

Hence, one witness may not express the opinion that another witness is not telling the truth") …

At n.10.

[4] § 611:18 Question calls for conjecture, speculation or judgment of veracity, 5 Handbook of Fed. Evid. § 611:18 (7th ed.).

A question which requires a lay witness to comment directly on the veracity of another witness, a matter exclusively within the province of the trier of fact, is considered improper. Thus the question on cross-examination, "Are you saying, Mr. Jones is a liar?", will be prohibited

which the question is asked. Here, however, plaintiffs have failed to show any context which would allow the questions at issue here to be asked.[5] [6]

For the above reasons, the undersigned hereby **RECOMMENDS** that the "**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AS TO ONE WITNESS' OPINION OF ANOTHER WITNESS' TESTIMONY**". [Record Document 588; Docket No. 10-854] be **granted**.

**Any party wishing to object to this Recommendation shall file its objections no later than 21 days from service of this Recommendation.**

Baton Rouge, Louisiana, August 18, 2017.

C. MICHAEL HILL
SPECIAL MASTER

---

[5] Obviously, if Judge Brady agrees with my Recommendation and grants this motion, and if the context requires it at trial, the plaintiffs can bring that to Judge Brady's attention and ask for reconsideration.

[6] Plaintiffs also suggest that an additional basis for denying this motion is because the S&Y Parties will offer expert testimony which they assert is designed to bolster the credibility of both Jennings and Turner. [Record document 672, page 4]. As plaintiffs note, a motion to exclude that testimony is still pending. [Record document 597, Docket No. 10-854]. Accordingly, this argument is premature.